UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
PAUL N. NELSON,                     )
                                    )         No. C07-1660RSL
            Plaintiff,              )
    v.                              )
                                    )         ORDER GRANTING DEFENDANTS'
K2 INC. and K-2 CORPORATION,        )         MOTION FOR PARTIAL
                                    )         SUMMARY JUDGMENT
            Defendants.             )
_____ )

This matter comes before the Court on "K2's Motion for Partial Summary Judgment." Dkt. # 35. Defendants argue that the claims of United States Patent No. 5,603,522 (the '522 patent) are not supported by the written description contained in the parent application filed on August 3, 1992. Plaintiff asserts that there are genuine issues of material fact that preclude judgment in favor of defendants on this issue or, in the alternative, that the Court should find that plaintiff's patent claims are entitled to a filing date of August 29, 1991, the date on which plaintiff filed his earliest application related to wide, short skis.

A patent claim is entitled to the benefit of the filing date of an earlier application only if the disclosure submitted to the Patent and Trademark Office ("PTO") with the earlier application provides a description of the claimed invention in the manner provided by 35 U.S.C. § 112. PowerOasis, Inc. v. T-Mobile USA, Inc., 522 F.3d 1299, 1306 (Fed. Cir. 2008). Section 112 states in relevant part:

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

When determining whether a written description sufficiently describes an invention, the Court compares the language of the claim to the disclosure: if the claim language is not expressly supported by the disclosure, then the language of the written description must be analyzed for what it conveys to one skilled in the art. <u>Fujikawa v. Wattanasin</u>, 93 F.3d 1559, 1570 (Fed. Cir. 1996); <u>Ralston Purina Co. v. Far-Mar Co., Inc.</u>, 772 F.2d 1570, 1575 (Fed. Cir. 1985). The written description does not have to describe the invention exactly. Rather, the disclosure must simply reveal with reasonable clarity to one skilled in the art that, as of the filing date, the inventor was in possession of the invention as claimed. <u>Falko-Gunter Falkner v. Inglis</u>, 448 F.3d 1357, 1365 (Fed. Cir. 2006); <u>Vas-Cath Inc. v. Mahurkar</u>, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991). Although this inquiry is a factual one (<u>Purdue Pharma L.P. v. Faulding Inc.</u>, 230 F.3d 1320, 1323 (Fed. Cir. 2000)), it "is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party" (<u>PowerOasis</u>, 522 F.3d at 1307).[1]

**A. Claim 1 of the '522 Patent**

Defendants assert that claim 1 of the '522 patent is not supported by the disclosure contained in the August 3, 1992, application because key measurements of the claimed invention, such as its length and width, were not specifically set forth in the earlier disclosure and were merely subsets of the broader ranges stated. Ranges found in the claim language need

---

[1] Because "each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112" (<u>Zenon Envtl., Inc. v. U.S. Filter Corp.</u>, 506 F.3d 1370, 1378 (Fed. Cir. 2008)), the Court will evaluate the language of the August 3, 1992, application, rather than the original application that was filed in 1991.

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT    -2-

not correspond exactly to ranges disclosed in the parent application. Eiselstein v. Frank, 52 F.3d 1035, 1039-40 (Fed. Cir. 1995) (where the "whole tenor" of the disclosure indicates that the values stated are approximations, one skilled in the art would not perceive the later claim as a distinct or different invention); Ralston Purina, 772 F.2d at 1575-76 (although not exact, the claimed range of "at least 25%" was supported by the previous disclosure of up to 27% in light of the knowledge possessed by those skilled in the art at the time the parent application was filed). See also In re Driscoll, 562 F.2d 1245, 1249 (CCPA 1977) (claiming as the invention just one of the fourteen possible alternative structures identified in the disclosure does not run afoul of § 112, ¶ 1). The question is whether the disclosure provides adequate direction which reasonably would lead one skilled in the art to the particular item or range claimed as the invention. Fujikawa, 93 F.3d at 1570.

The August 3, 1992, parent application disclosed ranges for length, shovel width, and tail width that are broader than the measurements asserted in claim 1.

|  | 8/3/92 Parent Application | Claim 1 of '522 Patent |
|---|---|---|
| **ski length** | 135-180 cm | 148-173 cm |
| **shovel width** | 105-140 mm | 110-120 mm |
| **tail width** | 100-130 mm | 105-115 mm |

The narrowing of the length and width ranges is significant: more than half of the combinations described in the parent application are excluded from the claimed invention. It is not clear how one skilled in the art of ski design could identify the measurements that were of special interest to the inventor. The 1992 application does not disclose the precise ranges later claimed, nor does it contain descriptive terms that would lead to the claimed ranges. Although plaintiff submitted an affidavit as "a person of ordinary skill in the ski and art" (Dkt. # 43-3 at 1), he does not identify any knowledge possessed by an artisan in 1992 (such as physical limitations inherent in common ski materials) that would lead such a person to the ranges ultimately

claimed as the invention.[2] The 1992 disclosure further complicates the analysis of what one skilled in the art would understand by suggesting myriad width and length combinations based on the type of snow and terrain to be traversed. Such considerations are not even mentioned in claim 1.

> [O]ne cannot disclose a forest in the original application, and then later pick a tree out of the forest and say here is my invention. In order to satisfy the written description requirement, the blaze marks directing the skilled artisan to that tree must be in the originally filed disclosure.

Purdue Pharma, 230 F.3d at 1326-27. Although plaintiff has identified a grove, rather than a single tree, as his invention, one skilled in the art would not have recognized the importance of the length and width limitations of claim 1 because there is no guidance in the disclosure leading to the ranges identified in 1994. Whether plaintiff had, in 1992, hit upon the combination of measurements that was ultimately claimed as the invention cannot be discerned from the disclosure, making it impossible to conclude that plaintiff was in possession of the claimed invention when the application was filed.[3]

---

[2] Defendants' motion to strike plaintiff's affidavit (Reply at 8) is DENIED.

[3] An argument could be made that this holding and the cases on which it is based raise the written description bar to a height that may be insurmountable for many inventors. Applicants responding to prior art objections will face a predicament foretold by Judge Learned Hand:

> If, when [applicants] yield any part of what they originally believed to be their due, they substitute a new 'invention,' only two courses will be open to them: they must at the outset either prophetically divine what the art contains, or they must lay down a barrage of claims, starting with the widest and proceeding by the successive incorporation of more and more detail, until all combinations have been exhausted which can by any possibility succeed. The first is an impossible task; the second is a custom already more honored in the breach than in the observance, and its extension would only increase that surfeit of verbiage which has for long been the curse of patent practice, and has done much to discredit it. It is impossible to imagine any public purpose which it could serve.

Eng'g Dev. Labs. v. Radio Corp. of Am., 153 F.2d 523, 526-27 (2nd Cir. 1946). Nevertheless, the

ORDER GRANTING DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT         -4-

Defendants also argue that, to the extent the '522 patent claims a ski with a sidecut radius of 19 meters, it is not supported by the 1992 disclosure. The Court agrees. The August 3, 1992, application states that "the side-cut radius R should be in the range of 8 to 18 meters, or alternatively, within the range of 20 to 55 meters." PN 000650. Although one skilled in the art could calculate sidecut radii between 18 and 20 meters using various combinations of the lengths and widths specified in the disclosure, plaintiff affirmatively excluded that range from the description of his invention and cannot simply add it back in a later claim. In re Ahlbrecht, 435 F.2d 908, 911-12 (CCPA 1971).[4] The Court cannot find a single reference in the written description, whether explicit or implicit, which suggests that plaintiff understood his invention to include skis with a 19 meter sidecut radius.

Because claim 1 of the '522 patent recites length, width, and sidecut measurements that are not supported by the disclosure in the parent application, claim 1 is not entitled to the August 3, 1992, filing date.

**B. Claim 2 of the '522 Patent**

Claim 2 of the '522 patent is dependant on claim 1 and therefore fails for the reasons stated above. In addition, claim 2 limits the invention to skis having a sidecut radius that is "in the range of about 10 to 16 times" the ski length. The 1992 application does not discuss sidecut to length ratios or otherwise provide guidance to one skilled in the art that would reasonably lead him or her to the limitation set forth in claim 2. Because claim 2 of the '522

---

Federal Circuit demands explicit or implicit disclosure of limitations from applicants to ensure that they are not sweeping within their claims inventions that they do not yet possess.

[4] The analogy plaintiff drew at oral argument is unpersuasive. Although the Court agrees that an explicit disclosure of a square with one foot sides would inherently reveal a square with a four foot perimeter, the example is too simplistic to be helpful in this case. A more accurate analogy would involve the disclosure of a square with 1-10 foot sides and a perimeter of 4-11 or 13-40 feet. Although the disclosure would include a side measurement of 3 feet, the resulting square is excluded from the invention because it falls outside the stated perimeter measurements.

patent recites a ratio that is not supported by the disclosure in the parent application, claim 2 is not entitled to the August 3, 1992, filing date.

**C. Claim 3 of the '522 Patent**

Claim 3 of the '522 patent is dependant on claim 1 and therefore fails for the reasons stated above. Defendants also argue that the flotation area mentioned in claim 3 is not supported by the written description. Claim 3 limits the invention to skis having a flotation area "in the range of approximately 1200 centimeters squared and 1600 centimeters squared." The 1992 application states that flotation of the new ski "is very good" and is "more or less equivalent to a conventional-width Alpine ski having a length of 240 centimeters." It is possible that one skilled in the art would know that a 240 cm Alpine ski has a flotation area of approximately 1200-1600 cm$^2$, but neither party has provided evidence on this issue. Because claim 3 is dependant, the Court need not determine who had the burden of proof.

For all of the foregoing reasons, defendants' motion for partial summary judgment is GRANTED.

Dated this 15th day of October, 2008.

_Robert S. Lasnik_
Robert S. Lasnik
United States District Judge