UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
PAUL N. NELSON,                     )
                                    )    No. C07-1660RSL
                 Plaintiff,         )
       v.                           )
                                    )    ORDER DENYING MOTIONS
K2 INC. and K-2 CORPORATION,        )    FOR ATTORNEY'S FEES
                                    )
                 Defendants.        )
_____ )

This matter comes before the Court on "K2's Motion for Fees." Dkt. # 65. Defendant argues that plaintiff's attempt to enforce his patent was frivolous at the outset of this litigation and that K2 is entitled to an award of attorney's fees under 35 U.S.C. § 285. In the alternative, defendant argues that it should be reimbursed for all expenses incurred after the Court determined that plaintiff's patent was entitled to the benefit of a 1994 filing date. Plaintiff opposes defendant's request for attorney's fees and asks the Court to exercise its inherent power to sanction K2 for "this baseless motion." Dkt. # 71 at 12. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

---

[1] The Court has not considered the "Personal Statements of Paul and Coni Nelson." The statements are not declarations sworn under penalty of perjury and cannot, therefore, be accepted as evidence. To the extent the statements supplement counsel's memorandum, they are not permitted under our local rules.

ORDER DENYING MOTIONS FOR
ATTORNEY'S FEES

(1) In exceptional cases, courts may award reasonable attorney's fees to the party who prevails in patent litigation pursuant to 35 U.S.C. § 285. "[V]exatious or unjustified litigation or frivolous filings" are the type of misconduct that can justify the award of fees under this statute. Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1350 (Fed. Cir. 2004). The shifting of fees is not the norm, however: the purpose of § 285 "is to provide discretion where it would be *grossly unjust* that the winner be left to bear the burden of his own counsel which prevailing litigants normally bear." J.P. Stevens Co., Inc. v. Lex Tex Ltd., Inc., 822 F.2d 1047, 1052 (Fed. Cir. 1987) (emphasis in original).

(2) Prior to commencing this litigation, plaintiff was under no obligation to accept defendant's (or Volant's) opinion regarding the validity of United States Patent No. 5,603,522 (the '522 patent). Plaintiff had successfully marketed and licensed the invention to a number of sophisticated entities, including K2, and had always maintained that the '522 patent was entitled to its earliest claimed priority date. Determining the correct priority date required the Court to evaluate the range and "blaze mark" cases and to consider the policy implications of requiring too much or too little specificity from an inventor. Plaintiff was entitled to a judicial determination of this important issue and was not required to abandon the '522 patent simply because his competitors challenged its validity. Because the lawsuit was not baseless or frivolous at its inception, plaintiff's prosecution of his claims does not justify an award of attorney's fees under 35 U.S.C. § 285.

(3) The closer question is whether the prosecution of this litigation since October 15, 2008, should be characterized as "exceptional." When assessing whether a case qualifies for an award of fees under § 285, the Court "must look at the totality of the circumstances." Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc., 231 F.3d 1339, 1347 (Fed. Cir. 2000). At oral argument, plaintiff's counsel acknowledged that if the Court adopted the September 1994 filing date, "we're out of here . . . we lose." Defense counsel had apparently

come to the same conclusion, stating that if the 1994 filing date applied, "the parties likely would settle the matter quickly." It therefore came as something of a surprise to receive defendants' second motion for summary judgment on October 31, 2008. Why hadn't the case been resolved? Why was plaintiff forcing defendants to seek a declaration of invalidity rather than simply dismissing the case? In their motion for fees, defendants imply that they were forced to seek dispositive relief and incur additional costs because plaintiff was being obstinate and unreasonable: ". . . rather than stipulating to the invalidity of the patent or taking other actions to dismiss the case, Mr. Nelson pressed ahead . . . ." Motion at 4-5.

In response, plaintiff presents evidence regarding settlement negotiations between the parties and argues that the fees defendants incurred after the Court's priority date ruling resulted from their own strategic choices. The record includes competing declarations regarding who said what, all in an attempt to convince the Court that one side or the other is to blame for this continuing litigation. Fee disputes should not devolve into mini-trials: such collateral proceedings are not in the best interests of the parties or the judiciary. Luckily, the Court need not determine the exact nature of the parties' interactions between October 15th and October 31st to decide the pending motion. It is clear from either version of events that plaintiff took significant, albeit unsuccessful, steps to resolve this case in an appropriate and timely manner. Within days of receiving the Court's priority date ruling, plaintiff offered a "walk-away" settlement pursuant to which plaintiff would abandon his infringement claim and defendants would drop their invalidity cross-claim. Defendants, however, thought that plaintiff should pay some portion of their attorney's fees and were concerned that a "walk-away" settlement might leave them open to suit in the future. Whatever the merits of these demands and concerns, it is undisputed that plaintiff was, in fact, willing to abandon his claims and did not, contrary to defendants' argument, "press[] ahead anyway, [and] continu[e] to accuse K2 of patent infringement." Motion at 1. When defendants rejected plaintiff's settlement offer and pursued

ORDER DENYING MOTIONS FOR
ATTORNEY'S FEES                    -3-

their cross-claim of invalidity, plaintiff felt compelled to defend his patent.[2] While the experimental use argument plaintiff raised in opposition to defendants' motion was not well-supported, plaintiff had done what he could to avoid further litigation and expense, and it was not unreasonable for him to try to deflect a direct assault on his patent when defendants opted to continue the litigation.

(4) In the totality of the circumstances presented here, the Court finds that this is not at "exceptional case," that plaintiff acted reasonably, and that plaintiff did not multiply proceedings vexatiously. No fees shall be awarded under either 35 U.S.C. § 285 or 28 U.S.C. § 1927.

(5) Plaintiff argues that this motion was filed for improper purposes and requests that the Court sanction defendants pursuant to its inherent powers. Opposition at 12. Plaintiff has not provided the standards by which defendants' conduct should be judged or otherwise shown that sanctions are legally or factually appropriate.

For all of the foregoing reasons, no fees shall be awarded in this case. Defendants' motion (Dkt. # 65) is DENIED.

Dated this 27th day of April, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] The Court would not have expected plaintiff to stipulate to the invalidity of the '522 patent based on nothing more than the priority date opinion. The Court had not had an opportunity to evaluate the prior art or the applicability of the on-sale bar and therefore had not ruled upon the patent's validity. Plaintiff could legitimately hope to avoid a finding of invalidity through settlement and/or the presentation of a colorable legal argument regarding experimental use.

ORDER DENYING MOTIONS FOR
ATTORNEY'S FEES                    -4-